# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Judith LeWine,

    Plaintiff(s),

vs.

Sonnama Hills Apts, agent of Edna Manaser, et al.,

    Defendant(s).

Case No. 2:23-cv-01835-APG-VCF

**Order denying plaintiff's in forma pauperis application without prejudice**

  Pro se plaintiff Judith LeWine filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. I deny LeWine's IFP application without prejudice.

## DISCUSSION

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

LeWine filled out the short form but she left questions 5, 7, and 8 completely blank. ECF No. 1. She states that she receives $729 a month in income and that her bills are $1000 a month, but she does not specify what the bills are or how she pays the bills that exceed her income. *Id.* Since so much of the application is blank, I cannot determine if plaintiff qualifies for in forma pauperis status. *Id.* I will,

however, give plaintiff another opportunity to file a complete IFP application. I order that she must fill out the long form, it must be complete, and she must sign it under penalty of perjury. Plaintiff may not leave any portion of it blank. Since I deny plaintiff's IFP application, I do not screen her complaint now.[1]

ACCORDINGLY,

I ORDER that plaintiff LeWine's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that plaintiff has until Thursday, January 4, 2024, to either file an updated IFP application using the Long Form as specified in this order OR pay the filing fee. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

---

[1] Per 28 U.S.C. § 1915(e)(2)(B), if I grant plaintiff's IFP application, I will screen plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 5th day of December 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE